BREAUX, O. J.
This is an action sounding in damages on the ground that defendant’s charges, in a suit brought by plaintiff to recover an amount due him on a number of policies, were untrue, libelous and injurious to the amount of $250,000.
The “Ida Rice Mill,” owned by plaintiff, insured for the sum of $35,000, was destroyed by fire on the 22d day of December, 1908.
Plaintiff sought to recover his losses by fire. He had a number of interviews with persons authorized to represent the companies, the agents, the adjusters, and accountants. He submitted his books to them; his written statements, and an account of the business.
In a number of conferences had, the differences that had arisen were considered. The defendant offered amounts in satisfaction of the claim, which plaintiff refused to accept.
The attempt at settlement arrived at a point rendering it evident that nothing could be accomplished by further delay.
Plaintiff brought suit on his policies in which he made the allegations generally made to recover on policies.
He had previously submitted a proof of loss to his insurers, which they in the end declined to accept as satisfactory.
The defense severed in their defense, although it was very similar in each case, and filed separate answers, in which they denied all indebtedness to plaintiff on the ground, stated in these answers, because he had not complied with the iron-safe clause as required by the terms of the statute and the clauses of the policies; that he had not kept a set of books such as persons in business generally keep; a complete record of the amount of the stock and its grade; of rice deposited on the premises; nor of the amount of stock and grade of stock removed from the premises.
That the fire was of incendiary origin; and that, after insurance, there were several attempts to burn the mill of plaintiff to the knowledge of plaintiff, which were concealed by him from defendants, thereby violating the clause of the policy which declares the policy void if the hazard be increased by any means within the knowledge of the assured, and that had defendants known of these attempts to burn the property they would have canceled the policies.
The defendants in their answers alleged fraud and false swearing in the proof of loss furnished; in this, that he inflated the amount of clean rice produced from rough rice by the milling; that this was based ont an impossible average of clean rice fromi rough rice. The claimed average, as stated! by plaintiff in the pro&f of loss, was 105.81 pounds per barrel, or 2,497 barrels of Honduras rice, when such average could not and did not exceed 981 pounds per barrel.
The amount of this claim was $7,500.
That an exaggerated claim for 27,100.11 pounds over the number of pounds on hand was fraudulent.
Another alleged fraudulent claim consisted, as alleged, in claiming a much larger number of rice bran than there was on hand. That the value of the rice was increased to an amount which is characterized as fraudulent; and similar complaint was made of sales, and regarding other items stated on the proof of loss.
There was a detailed statement regarding checks made to show inconsistency of claim» by plaintiff.
*907 Defendant particularly denied liability in the sum of $1,990 covering 436 packets of clean rice sold to the Rayne Rice Mill.
The ease, having been put at issue by the several answers of the different companies, was tried.
During the trial much evidence had been introduced when a proposition of compromise was discussed and it was finally adopted, and a compromise agreement signed.
Therein defendant admitted liability in the sum of $31,000, with 8 per cent, interest per annum to begin to run 10 days from the date of the judgment; and costs were to be paid, one-half by plaintiff and the other one-half by defendant.
It was agreed that the settlement did not cover the item of $1,990 above mentioned, as claimed by the Rayne Rice Mill.
Article 4 of the agreement of compromise is as follows:
“The plaintiff abandons all claims for damages and attorney’s fee.”
And the following is also an excerpt from the agreement of compromise:
“And now come the defendants voluntarily, and not as part of the compromise settlement, and withdraw therein their charges of fraud and false swearing made in their answers and admit that the plaintiff has satisfactorily explained these items in his books and proofs of loss on which the charges of the defendants were based and has shown that these items were unintentional errors and omissions on his part.”
'This withdrawal of charges of fraud and false swearing was accepted and judgment was entered in the district court on the compromise settlement. This judgment was signed on the 29th day of July, 1909.
On the 19th day of April, 1910, plaintiff brought the present suit.
In his petition he states at length all that he had done to recover an amount due by the defendant companies and the wrongs inflicted upon him by the different companies during the time that he was seeking his own, and he specially complains of the answers of which we have made a synopsis, which we inserted above. He recites in his petition the different averments in which he is charged with fraud, deception, and false swearing as constituting a libel upon his good name.
He avers that by innuendo, defendants charged him with having intentionally burned or procured the burning of his rice mill.
He further avers that defendants, in making these malicious charges, were aided and abetted by adjustment companies and other parties named.
He represents that the charges are false and untrue; that they were given general publicity, and he (plaintiff) held up to public hatred and scorn, and this without probable cause.
He alleged that he had introduced all his evidence in chief, and before the defense was taken up in the original suit, a compromise was sought by defendants and an agreement was arrived at.
He copied in his petition the last article of the agreement, numbered four, to which we have referred in our foregoing statement.
He reiterates that there was not the least foundation for the alleged libel.
Plaintiff refers to himself and says that there was nothing in his reputation to justify the answers; that he enjoys the esteem and good will of the community in which he resides and of business men everywhere with whom he has been brought in contact either socially or from a business point of view.
The defendants answered at length and detailed the different acts of plaintiff which had prompted them to defend the suit which plaintiff had brought. They averred that they employed a detective in order if possible to discover the cause of the fire; that, in order, if possible to discover the character and extent of the rice industry owned and conducted by plaintiff, they employed an expert accountant; that they referred the state *909 of affairs to experienced counsel, who, after having acquired information, prepared the answer which was filed; they deny all conspiracy.
Thereafter, they filed an exception of no cause of action; and therein averred that the original suit was settled by compromise agreement; all differences were adjusted and that it amounted to res judicata, and, that, by its express terms plaintiff should be held to have abandoned all claims against them.
They also pleaded that plaintiff was barred by estoppel from recovering anything from them as their apology and withdrawal, as before mentioned, was thereby stated and understood and the suit terminated.
The case was tried before a jury and the damages assessed at $25,000.
Defendants appealed.
[1] Plaintiff has failed to sustain his cause on two grounds:
He accepted the withdrawal by the defendants of the offending words.
He had part of his business in such a shape as to create the impression on the part of defendant that his losses were not as great as he thought.
Taking up the first proposition: Beyond question, defendants withdrew the objectionable averments of the answer with the consent of the plaintiff in as delicate a manner as the occasion required. They did not propose to make it a matter of barter and include it as part of the agreement and compromise.
Without preagreement or understanding, as it appears of record, they had the entry made in the deed to which we have before referred.
If ever at any time the character of plaintiff was touched it was intended to, and did, have a reinstating effect.
Defendants at all times during the trial disclaimed that they had the intention of proving that plaintiff had sought to destroy his property to the end thereby of enriching himself.
They also from the first did not seek to make it appear that they were attacking the character of plaintiff. During the examination of witnesses, it was expressly said that his character was not at issue.
In order, as we take it, to remove the sting caused by the allegations of the answer, voluntarily they were withdrawn in words showing that it was not in the spirit of the least malice that they had been used.
Under the circumstances, it was a joint agreement in its effect, binding upon defendants, and which necessarily extended to plaintiff, although no part of the compromise proper.
If it were held not to bind to some extent both parties, then one would be bound by the withdrawal of the charges, and the other would remain free.
By the withdrawal and apology, by implication, at least, the defendants acknowledged that they uttered something in pleading which they should withdraw.
If this were construed as one sided, then they would have rendered themselves more liable in damages than they could otherwise have been.
An act inspired by the best of motives would operate against them.
There is abundant authority on the subject. It is a well-settled rule where prosecution is terminated by compromise or withdrawal, to which there was consent or even only assent, an action for malicious prosecution cannot be maintained.
This is amply sustained by the doctrine of Oraig v. Ginn decision (1901) 3 Pennewill (Del.) 117, 48 Atl. 192, 53 L. R. A. 715, 94 Am. St. Rep. 77, Supreme Court of Delaware.
The court refers to numerous decisions upon the subject rendered in different jurisdictions.
[2] The second proposition is:
*911 The suit was not brought in malice. There was the appearance of a cause.
It has been before stated that, in this decision, investigation was instituted through agent and examination made into plaintiff’s business.
The result was that the learned counsel who wrote the answer arrived at the conclusion that there was ground for the defense which was tendered.
It is stated that the facts were not all imparted to him. That is true; but he did not intimate for an instant that any fact was purposely withheld.
Counsel, who wrote the answer, who is not now of counsel (it was stated in oral argument, for the reason very properly, we think, that he declined to be of counsel in a case in which his testimony is of record), with great fairness and a high- sense of justice, testified, in .substance, after he had heard the evidence that had he known all that the evidence disclosed some of the expressions deemed necessary at the time would not have been used.
It was stated, in substance, in oral argument, for plaintiff, that all the facts were not given to able counsel by the agents of defendants.
That is true, but it was not intimated in the evidence of distinguished counsel that any fact was intentionally withheld.
This is referred to only to add that defendants acted on advice of counsel, who stated with proper emphasis that he felt persuaded that defendants were not actuated by malice in defending the original suit.
There is no necessity, as we conceive, to review all the testimony.
We leave the case convinced that defendants had probable cause to think that plaintiff was claiming a larger amount than that to which he was really entitled.
From that point of view, we have concluded to reverse the judgment.
In the light of several decisions, particularly Dunn v. Southern Insurance Co., 116 La. 431, 40 South. 786, it must be reversed.
The law and the evidence being in favor of defendants, .it is ordered, adjudged, and decreed that the judgment appealed from is avoided, annulled, and reversed, and the demand of plaintiff is rejected at his costs in both courts.