(74 South. 907)

No. 22308.

GLISSON v. BIGGIO et al.

(Feb. 12, 1917.   Rehearing Denied April 16, 1917.)

*(Syllabus by the Court.)*

1. LIBEL AND SLANDER ☞83 — MALICIOUS PROSECUTION ☞49 — CAUSE OF ACTION—MALICE—WANT OF PROBABLE CAUSE.

In a suit for damages for libel and malicious prosecution, it is necessary to allege and show malice on the part of defendant, and want of probable cause, in the suit complained of.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 198; Malicious Prosecution, Cent. Dig. §§ 94–96.]

2. MALICIOUS PROSECUTION ☞64(1)—JUSTIFICATION—JUDGMENT.

Where defendant in such suit introduces record evidence to show justification of the charges made in the suit which was charged to have been a malicious prosecution; *held*, that there should be judgment for defendant.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 151, 153.]

3. LIBEL AND SLANDER ☞38(2)—MALICIOUS PROSECUTION ☞4—RIGHT OF ACTION.

An action for libel or malicious prosecution does not lie because of the filing of a petition with the district attorney charging want of integrity or other cause of unfitness in a public officer or employé, subject to removal by or under supervision of the court to whom the communication is addressed, where the communication to the proper officer, is made in good faith, without malice, and with probable cause.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 118, 119; Malicious Prosecution, Cent. Dig. § 4.]

*(Additional Syllabus by Editorial Staff.)*

4. WORDS AND PHRASES—"MALFEASANCE."

"Malfeasance" is the unjust performance of some act which the party had no right to do, or which he had contracted not to do.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Malfeasance.]

5. MALICIOUS PROSECUTION ☞51—RIGHT OF ACTION—TERMINATION OF PROSECUTION.

In an action for malicious prosecution based on the bringing of a suit for impeachment and removal from office, it was necessary that plaintiff allege that the suit had terminated favorably to himself.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 98, 99.]

Appeal from Twenty-Sixth Judicial District Court, Parish of St. Tammany; Prentiss B. Carter, Judge.

Suit by J. E. Glisson against Charles Biggio and others. Judgment for plaintiff, and defendants appeal, and, plaintiff answering the appeal, asks that judgment be amended by an increase to the amount applied for in his petition. Judgment annulled and reversed, and judgment for defendants, dismissing plaintiff's suit.

See, also, 139 La. 23, 71 South. 204.

L. C. Moise, of Covington, and E. J. Meral, Charles J. Theard, and Delvaille H. Theard, all of New Orleans, for appellants. William H. Byrnes, Jr., and Paul A. Sompayrac, both of New Orleans, and Adrian D. Schwartz, of Covington, for appellee.

SOMMERVILLE, J. Plaintiff sues the several defendants for $50,641 damages because of an alleged libel and malicious prosecution. He alleges that defendants circulated a petition, addressed to the district attorney, wherein were made libelous, defamatory, and false charges against him; that in said pe-

tition plaintiff was charged with nonfeasance and malfeasance, gross misconduct, and conduct unbecoming an officer; with the request that the district attorney, under article 222 of the Constitution, have the plaintiff, as mayor of the town of Abita Springs, impeached and removed from office. The petition to the district attorney is annexed to the petition in this case. Plaintiff charges that defendants made said charges without probable cause, and that they were false, unfounded, libelous, and malicious; that the district attorney filed suit based upon said petition, and that in said petition the additional charge of habitual drunkenness was made against him; that it was charged by said district attorney that plaintiff wrongfully and unlawfully signed a warrant on the treasurer of the town for $50 in favor of C. E. Whitehead, which debt had been contracted for his own personal account, and that it was not a debt of the town of Abita Springs, La., incurred by it through its proper officers; and that by said act he attempted to unlawfully take from the funds of said town the sum of $50, and convert same to his own use, by paying a personal obligation. Further that after said suit for removal had been on trial for a day and a half, the plaintiffs in said suit having failed to sustain the charges and allegations, the said suit was dismissed by the district attorney.

An exception of no cause of action was filed by defendants, and was sustained by the district judge, and overruled by a judgment of this court. See Glisson v. Biggio, 139 La. 23, 71 South. 204.

Defendants answered, pleading justification. They denied that they had acted maliciously, but alleged that the petition and suit were filed with probable cause. They denied that they placed witnesses upon the stand during the trial of the impeachment suit, and alleged that the entire suit was under the control of the district attorney. They alleged that, before the petition was presented to the district attorney, they consulted private counsel in the matter, and were advised by him that they were acting legally, and that they should present the petition to the district attorney, that they also consulted the district attorney about the matter, and that he advised them to have the suit brought, as they had a legal and valid cause of action. They further pleaded that:

Plaintiff "is estopped from bringing this action, for the reason that before this suit was discontinued by the district attorney, all parties in interest, together with their counsel, consented that the district attorney discontinue said suit; that the said compromise will appear in the minute books of this honorable Twenty-Sixth judicial district court, Thursday, June 26, 1913, in which the said minutes are as follows: 'State ex rel. v. J. E. Glisson. This case came up this day, continued from yesterday, and upon the district attorney appearing in open court, and having announced that all parties to this suit, having agreed to settle their differences, and, by mutual consent of all parties, he asked that this suit be withdrawn, and that the costs thereof be paid as agreed upon by the parties thereto.'"

The said minute of the court was specially made a part of the answer of defendants.

There was judgment in favor of plaintiff and against defendants in the sum of $15,000. Defendants have appealed. Plaintiff has answered the appeal, and asks that judgment be amended by an increase to the amount prayed for in his petition.

[1-3] Plaintiff charged malice against the several defendants because of the petition circulated and signed by them, in which it is charged that he, as mayor of the town of Abita Springs, La., "has been guilty of nonfeasance and malfeasance, favoritism, gross misconduct, and conduct unbecoming an officer," with the request to the district attorney "to institute proper proceedings, under article 222 of the Constitution of the state of Louisiana, to have said officer, said J. E. Glisson, mayor of the city of Abita Springs, La., impeached and removed from office as

such mayor." But he has failed to prove malice, direct or implied, on the part of these defendants. He has shown that he was not the choice of some of them for mayor, and that some other person was, at the time of his election; but this does not prove malice on the part of these persons at the time that this petition was circulated and signed by them.

It is the duty of all persons, who have an interest in the pure administration of justice and efficiency of their public officers in the several departments of state, to inform, by petition or otherwise, the proper authorities of any misconduct on the part of public officials; and any such communication, made without malice, in good faith, and with probable cause, is privileged. Bad faith, on the part of defendants, has not been shown; while probable cause has been shown.

"So, too, it is the duty of all who witness any misconduct on the part of a magistrate or of any public officer to bring such misconduct to the notice of those whose duty it is to inquire into and punish it; and, therefore, all petitions and memorials complaining of such misconduct, if forwarded to the proper authority, are privileged. And it is not necessary that the informant or memorialist should be in any way personally aggrieved or injured; for all persons have an interest in the pure administration of justice and the efficiency of our public officers in all the departments of the state." Odgers, Libel and Slander, 1911, p. 276.

"No action for libel or slander lies for a petition or remonstrance imputing want of integrity or other cause of unfitness to a public officer or employé subject to removal by or under the officer or board to whom the communication is addressed, provided such communication is made in good faith and without malice." 25 Cyc. 389, citing authorities from Illinois, Kentucky, Maryland, Nebraska, New Jersey, New York, North Carolina, Pennsylvania, Rhode Island, South Carolina, Virginia, and England.

Cooley on Torts (1906) p. 434, states that:

"The cases conditionally privileged are those in which the utterance or publication is on a lawful occasion, which fully protects it, unless the occasion has been abused to gratify malice or ill will (citing authorities). A petition to the executive or other appointing power, in favor of an applicant for an office, or a remonstrance against such an applicant, is a publication thus privileged. No action will lie for false statements contained in it, unless it be shown that it was both false and malicious (citing authorities). And this rule will apply to petitions, applications, and remonstrances of all sorts addressed by the citizen to any officer or official body, asking what such officer or body may lawfully grant, or remonstrating against any thing which it might lawfully withhold. It is a necessary part of the right of petition that such papers presented in good faith should be protected (citing authorities). And it is privileged while being circulated as well as after it is presented (citing authorities)."

"The plaintiff has alleged, but not proven, any malice, expressed or implied, on the part of either of the defendants. * * * They had probable cause and acted bona fide in matter pertaining to their functions and which required their action. Under English and American authorities and common sense, they are privileged and are fully protected and exonerated (citing Townsend on Libel and Slander; Larkin v. Noonan, 19 Wis. 82; King v. Gantt, 33 La. Ann. 1149; Cooley on Torts, pp. 403 et seq.). The district judge properly rejected the claim." Fisk v. Soniat, 33 La. Ann. 1400.

Words "uttered without malice, and under circumstances from which no malice is in law implied, * * * carry with them [no] pecuniary responsibility." Gilbert v. Palmer, 8 La. Ann. 130.

Plaintiff further charges that defendants libeled him by making representations to the district attorney which were false, malicious, and damaging, which allegations were contained in the petition filed by the district attorney for his removal from office. He repeats the charges of malfeasance, etc., which were contained in the petition circulated and signed by the defendants, and shows that the petition filed by the district attorney contained the additional charge of habitual drunkenness. But he has failed to show that these defendants made such a charge, or communicated with the district attorney as to it. It rather appears to be a charge made by the district attorney, and for which these defendants are not responsible. The district attorney is not made a defendant in this cause.

It has already been seen that the allegations, contained in the original petition of defendants, were not made maliciously; and it will be seen that they were made with probable cause.

The next allegation in the petition is that defendants maliciously and falsely charged plaintiff with having wrongfully and unlawfully signed a warrant on the treasurer for the sum of $50, directing the treasurer to pay same to C. E. Whitehead, which debt had been contracted for and by him (plaintiff) for his own personal account, and that same was not a debt of the town of Abita Springs, contracted for and by it through its proper officers.

The above is only one of several charges made by the district attorney in his petition of impeachment, with reference to which nonfeasance and malfeasance in office were charged, together with corruption, favoritism, oppression in office, gross misconduct, conduct unbecoming an officer, etc. There followed several specific charges, some of which were sought to be proved on the trial of the case.

The libel charged by plaintiff with reference to the alleged wrongful issuance of a voucher for $50, drawn on the treasurer of the town of Abita Springs, is shown by the minutes of the town council, which were offered in evidence, to have been for a road machine which the mayor had ordered on his own account, without any authority whatever from the town council. He ordered the road machine, and made himself responsible in a letter for the cost thereof. He testified that he did this upon his own authority. As mayor, he had no right to make any contract for the town, without the authority of the town council.

"Sec. 31. Be it further enacted, etc., that all expenditures of money for any purpose whatever, shall be in pursuance of a specific appropriation made by order, and in no other manner. Every warrant drawn on the treasury shall express on its face to whom issued and for what purpose allowed; and the ordinance authorizing its issue shall be cited by minute book and page, in or upon it." Act 136, 1898, p. 224.

Plaintiff usurped the authority of the council, when he undertook to expend the money of the town on his own authority.

"The powers and duties of the mayor depend entirely upon the provisions of the charter of the corporation and valid ordinances, by-laws, and resolutions of the council passed in pursuance thereof. He has no authority but what is expressly conferred upon him by the charter, or by the council or governing legislative body acting within the scope of the law." McQuillin, Municipal Corporations, § 433, p. 967, vol. 2.

"The power of the mayor depends entirely upon the provisions of the charter, and valid ordinances passed in pursuance thereof." Dillon, Municipal Corporations, § 206.

"Corporate bodies act or contract in the manner and form prescribed by law or by their charters." Condran v. City of New Orleans, 43 La. Ann. 1202, 9 South. 31.

Defendants offered in evidence the minutes of the town council, dated January 6, 1913, which show that at a regular session of the town council on that day, the plaintiff, as mayor, being in the chair, only three members of the council were present while three members were absent; that it was declared that no quorum was present, and that "the mayor declared quorum present and proceeded to business"; and that one of the items of business passed upon at that time was the payment for the road machine above mentioned.

The action of the mayor in declaring a quorum present when there was no quorum was arbitrary and illegal, and subjected him to strong criticism. The mayor clearly had no right to declare a quorum present when it was not present. At that illegal meeting, the bill for the road machine, which the mayor had purchased without having been authorized so to do, was ordered paid by the treasurer; and when the treasurer refused to pay the bill, he was suspended from office by plaintiff. He, as mayor, had no right to do these things.

[4] Malfeasance is the unjust performance of some act which the party had no right to do, or which he had contracted not to do. And, defendants have shown that they acted with probable cause, and without malice, when they charged plaintiff with malfeasance in office.

"On principles of policy and convenience the prosecutor will be protected, even though his

private motives were malicious, if he had probable cause." Grant v. Deuel, 3 Rob. 17, 38 Am. Dec. 228; Digard v. Michaud, 9 Rob. 387; Penny v. Taylor, 5 La. Ann. 714.

As plaintiff has failed to show malice on the part of the defendants, and as the defendants have shown justification and probable cause for their action in having the impeachment suit against plaintiff filed, the judgment should have been with them.

The defendants further pleaded an estoppel in their answer, to the prosecution of plaintiff's suit for malicious prosecution, on the ground that all the parties in interest, together with their attorneys, consented that the district attorney discontinue the impeachment suit, and that this discontinuance was effective, without a final judgment in favor of the plaintiff. And they embodied in their answer a copy of the minutes of the court showing that the case had been discontinued by the district attorney on the ground:

"That all parties to this suit having agreed to settle their differences, and with the consent of all parties, he asked that the suit be withdrawn," etc.

The minutes of the court were offered in evidence by plaintiff, and they were again offered in evidence by defendants. These minutes are prima facie correct. And, when this plea of estoppel and the minutes of the court were presented, and urged in the Supreme Court, and a judgment thereon was asked by defendants, because the prosecution of the impeachment suit had not terminated favorably to the plaintiff, the plaintiff says, on a supplemental brief:

"It is frankly admitted that we were completely swept off our legal feet when we noticed with alarm the importance that two of the learned justices seemed to give defendants' counsel's argument that the extract from the minutes show that plaintiff had compromised the impeachment suit, and was therefore precluded from bringing this present action. We had never dreamed that such a statement would be taken seriously."

It is argued on the brief that the extracts from the minutes do not say that a writ-

ten compromise was filed, or entered into, but—

"merely that the district attorney announced that the parties had agreed to settle their differences, and that this statement was not made in the presence of Glisson or of his counsel, and counsel ask that the case be remanded, that evidence be taken on this point."

The view already expressed in this opinion would preclude remanding of the case, if there were otherwise any necessity for so doing.

The minutes of the court, reciting that an agreement had been entered into by all parties, and showing that a dismissal of the suit was asked for that reason by the district attorney, may not show an actual compromise in writing signed by all the parties, but the agreement referred to was pleaded by defendants in their answer, and the minutes of the court reciting said agreement, were copied in full in their answer. And plaintiff also in his petition alleges that the suit was dismissed by the district attorney. He also offered in evidence the minutes showing the dismissal with the consent of all the parties, which on its face indicates that all parties were present in court at the time the motion for dismissal was made, based on their consent. The minutes were again offered by the defendants in support of their plea of estoppel. We, therefore, fail to appreciate the surprise pleaded by plaintiff on his brief when counsel for defendants argued that a suit for malicious prosecution would not lie, where there had been no final judgment in favor of the plaintiff in the former suit for removal from office. It may well be that the minutes of the court do not show conclusively that there was a compromise; but the minutes do show that a settlement was declared in the motion to dismiss, and these minutes are prima facie evidence as to what took place in open court.

The minutes of the court do not show any acquittal of plaintiff, and they do not show an abandonment by the prosecution equiva-

lent thereto. The abandonment of the prosecution was, as declared in open court on dismissing the case, with the consent of all parties in interest. State v. Finlay, 33 La. Ann. 113, 118.

[5] Plaintiff does not allege in his petition that the suit for impeachment and removal from office had terminated favorably to him. This was a necessary allegation; and the proof in the record does not show that the dismissal of the cause was a judgment favorable to the plaintiff, or an abandonment of the prosecution thereto. Irby v. Harrell, No. 21202, decided January 15, 1917, 140 La. 828, 74 South. 163.

"A settlement or compromise after the commencement of the suit will preclude an action for malicious prosecution." 26 Cyc. 46; Slaughterhouse Case, 37 La. Ann. 879.

"A plaintiff cannot maintain an action for the malicious prosecution of a civil suit until after the legal termination in his favor of the suit complained of." Davis v. Stuart, 47 La. Ann. 378, 16 South. 871.

In Morgan v. Illinois Central R., 117 La. 674, 42 South. 216, the court say:

"The prosecution against plaintiff was abandoned. Defendant did not, because of the abandonment, become liable in damages, as there was probable cause."

Plaintiff has failed to prove malice on the part of these defendants in the impeachment suit brought against him. He has failed to prove the want of probable cause, and he has failed to prove that the alleged malicious prosecution of him had terminated favorably to him. There should have been judgment in favor of defendants.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed; and it is now ordered, adjudged, and decreed that there be judgment in favor of defendants, dismissing plaintiff's suit, with costs.

O'NIELL, J., concurs in the decree only on the ground that the plaintiff did not attack, or question the correctness of, the minute entry showing that the suit to remove him from office was abandoned with the mutual consent and satisfaction of all parties.