(97 South. 852)

No. 23732.

## GOSSERAND v. GUMBEL.

(Oct. 22, 1923.)

*(Syllabus by Editorial Staff.)*

1. Libel and slander ⬤�439;38(2)—Averments in suit to annul a tax sale held not libelous.

In an action for libel contained in a petition filed by defendant against a third person, alleging that plaintiff in the libel suit had conspired with another, and defrauded defendant of his rights by acquiring certain property at a tax sale, *held* that defendant was within his rights when making the allegations complained of as pertinent and material to the prospective issue of whether he was to be deprived of his property by means of a tax sale of which he had no notice, in interpretation of a statute which at that time had not been construed as inoperative.

2. Libel and slander ⬤�439;56(2)—When damages not recoverable for averments in judicial pleadings stated.

Whether or not a litigant has probable cause for the averments of a judicial pleading does not depend merely on the actual state of the case, but on his honest belief in making the averments. He may be mistaken, but if he has reasonable grounds for believing the truth of the allegations, and is not actuated by malice and ill will, no damages are recoverable.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by Louis H. Gosserand against Henry E. Gumbel. Judgment for defendant, and plaintiff appeals. Affirmed.

Robert H. Marr, of New Orleans, for appellant.

Monroe & Lemann and Manning W. Heard, all of New Orleans, for appellee.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

ROGERS, J. Plaintiff claims damages for alleged libelous allegations contained in a petition filed by defendant against one Alvin T. Stumpf in the district court for the parish of Jefferson.

The substantial facts, as shown by the record, are that plaintiff purchased at tax sale certain property owned by defendant in the city of Gretna. The sale was made under an assessment in the name of Julius Bodenger, for the city taxes of 1913. Bodenger was defendant's vendor.

Some time after his tax purchase, plaintiff sold the property to Alvin T. Stumpf, the notarial act of transfer reciting a cash consideration of $1,200.

The city of Gretna had only recently been incorporated, and the taxes for which the property in question was sold were the first levied by the newly created municipality. With the exception of these taxes, defendant had paid all taxes, state and city, up to the year 1917, and was in uninterrupted and continuous possession of the property from the date of his purchase.

When defendant attempted to pay the taxes due the city of Gretna for the year 1917, the tax collector refused to accept said payment, assigning as the reason for his refusal that the property was assessed in the name of Alvin T. Stumpf. This was the first intimation defendant had of the tax sale, he having received no notice of any kind.

Thereafter defendant made a tender of the amount of the taxes, penalties, and costs to said Stumpf, and demanded the redemption of the property. The tender and demand were refused. Defendant then instituted suit for the recovery of the property, alleging nullity of the assessment, and the failure to give notice of the sale to him as the record owner.

The language complained of by the present plaintiff as being wholly impertinent and grossly libelous appears in paragraph 6 of the petition, which reads:

"Petitioner further avers that he purchased said property in 1913, as above set forth, for $6,000, and same is now fully worth the sum of $1,200; while the said Alvin T. Stumpf claims to have purchased said property for the sum of $1,200, and the said Louis H. Gosserand, his vendor, claims to have purchased it for the sum of $21.62; that your petitioner does not believe that the sum of $1,200 was in fact or in reality paid by said Stumpf to the said Gosserand, but that the said price was merely inserted in the deed of sale; that the said Stumpf was a witness to the notarial act by which his vendor, Gosserand, claims to have acquired said property, and said Stumpf and said Gosserand were well aware of the value of said property, and well knew that same was in the actual possession of your petitioner, and that your petitioner was receiving rents therefrom, and paying taxes thereon at the time they claimed to have purchased same; and your petitioner avers that the attempt of the said Stumpf and the said Gosserand to acquire said property, for a vile price, while petitioner, in their knowledge, was the owner and in possession thereof, without any sort of notice to your petitioner, constitutes in law a conspiracy and a fraud upon your petitioner's rights, and is null and void, and of no effect."

Although disposed to resist the action, Stumpf, finally, on the advice of able counsel, abandoned said intention, and, upon the receipt of $56, to cover taxes, penalties, and costs, executed to plaintiff therein an act of redemption of the property.

The defense to the present suit is: First, that the allegations complained of were not libelous; and, second, that, even if they were libelous, under an interpretation most favorable to plaintiff, he is without right of recovery, for the reason (a) the allegations were pertinent to the issue, and (b) they were made in good faith and with probable cause.

The judgment was for defendant, and plaintiff appealed.

It is unnecessary for the purposes of this case for this court to pass upon the libelous or nonlibelous character of the language complained of, or to consider the legal distinction, if any, in actions for libel, between the averment of acts which constitute "fraud in fact" and the allegation of acts which constitute "fraud in law."

The averments were made by the attorney who prepared the petition upon information which came into his possession as the result of an investigation which he had caused to be made by one of his associates, a careful and experienced lawyer and notary, particularly skilled in the examination of land titles.

At the time, March, 1922, he prepared his pleading, defendant's counsel knew that his client had purchased the property for $6,000, and was estimating its then value at $12,000, that the tax sale was made for $21.62 on July 11, 1914, and the notarial act confirmatory thereof was signed on July 13, 1914, and recorded on August 1, 1914; that the sale from Gosserand to Stumpf was executed on October 16, 1916; that the recited consideration, $1,200, of the last-mentioned sale was not actually paid, but was merely inserted in the deed; and he also knew, or thought he knew, that the witness to the tax deed was the same person appearing as the vendee of the tax purchaser, and that the said parties were well aware of the fact that his client was the actual owner of the property, in continuous possession thereof, and drawing rents therefrom.

With this information before him, defendant's counsel, as he testifies, was of the

opinion that the exigencies of the case required something more than mere averments of the invalidity of the tax sale, and that it was his duty to present his client's cause upon every phase and issue which the prospective litigation could take.

Counsel particularly points out, as a further reason for his said opinion and action, that Act 224 of 1910, which had not been, at that time, construed and declared inoperative (State v. Ross, 144 La. 898, 81 South. 386), provides that the year for redemption of tax sales begins to run only after the tax purchaser's deed has been recorded, and, after said purchaser has notified, in writing, the owners and co-owners of the property sold; and that, in view of the time elapsing between the date of the tax sale and the institution of the suit to annul the same, and the refusal of the vendee of the tax purchaser to comply with the legal demand which was made upon him for the redemption of the property, indicating, at least, in his opinion, his title was valid, he feared the interposition of the defense that the owner's right of redemption had prescribed.

It is shown that the tax purchaser construed the statute as requiring the notice to be given to the owner or owners appearing on the assessment rolls, and that he gave the notice accordingly.

[1] In these circumstances, it would seem that plaintiff in the annulment suit was clearly within his legal right to make the allegations complained of as pertinent and material to the prospective issue of whether or not he was to be deprived of his property by means of a tax sale, of which he received no notice whatsoever, in an interpretation of a statute as applicable to him.

While it developed on the trial of the cause that petitioner was in error in the fact that Alvin T. Stumpf was a witness to the notarial act confirmatory of the tax sale, said witness being his brother A. C. Stumpf, the mistake occurring because of the similarity of the initials of the two Stumpfs, the one being "A. C." and the other "A. T."; and while it was shown that the sum of $1,200, as recited in the act of sale, was not actually paid by Stumpf to Gosserand, but that the said transfer was made at a valuation of $1,200, by Gosserand to Stumpf as the latter's portion of certain properties which the former had bought in at tax sales for the joint account of Stumpf and himself, these facts must present a very different aspect from what they seemed to plaintiff's attorney as he saw them in the light of the information before him, when confronted with the necessity of prompt action to preserve his client's rights.

It avails nothing to the present issue that Mr. Gosserand was well within his legal rights in purchasing the property at the tax sale, and was in absolute good faith in making the subsequent transfer thereof to Mr. Stumpf, and that he was uninformed that defendant was drawing rent from the "shack" located on the land in question, and that the property was assessed for only $800.

[2] Whether or not a litigant has probable cause for the averments of his judicial pleadings does not depend merely upon the actual state of the case, but upon his honest belief in making said averments. He may be mistaken, but if he has reasonable grounds for believing the truth of the allegations, and is not actuated by malice and ill will, no damages are recoverable.

It is evident that counsel for defendant acted upon an honest and reasonable belief, and not through any wanton and wicked desire to disregard the rights and feelings of plaintiff, or to injure his reputation. In these circumstances, the allegations complained of are not actionable, and no recovery can be had thereon. Wallis v. R. R. Co., 29 La. Ann. 66; Vinas v. Ins. Co., 33 La. Ann. 1265; Buford Bros v. Sontheimer, 116 La. 500, 40 South. 851.

Defendant's counsel expressly disclaims any intention to reflect, or any actual reflection, upon the honesty and integrity of Mr. Gosserand. This disclaimer appears in correspondence between the said counsel and the counsel for plaintiff, and the correspondence is attached to and made part of the answer in the case. Counsel also stated on the witness stand:

"As I said in my letters to Judge Marr, which are annexed to the letters (sic) in our answer, I never at any time made any charge reflecting upon Mr. Gosserand's honesty, nor did I at any time intend to make such charges."

For our own part, we may say that plaintiff is a practicing attorney at this bar, and that, as such, he has appeared before this court, and, in particular, had frequently appeared before the writer of this opinion while occupying the position of district judge, and that in all of his relations with said courts he has conducted himself in the strictest accord with the highest ethics of the profession, and at no time has the slightest suspicion been cast upon his actions or his motives.

Counsel for plaintiff cites Grant v. Haynes. 105 La. 304, 29 South. 708, 54 L. R. A. 930, Weil v. Israel, 42 La. Ann. 955, 8 South. 826, and Wimbish v. Hamilton, 47 La. Ann. 254, 16 South. 856, as authority for the proposition that the allegations must be material to the matter in controversy. However, even in those cases, as was pointed out in Lescale v. Schwartz, 116 La. at page 302, 40 South. 708, with special reference to Grant v. Haynes and Wimbish v. Hamilton, "a strong implication arises that the court entertained the view that material allegations in a real suit, a suit having a probable cause, are privileged; for the court went extensively into the question of the materiality of the allegations, and held that they were not privileged because they had not been material."

Plaintiff has sustained no special damage to character or reputation and no pecuniary loss as the result of defendant's allegations; and, while it is true plaintiff must have suffered mortification, and endured some stress of mind, we find ourselves, for the reasons assigned, unable to afford him any relief in the premises.

Judgment affirmed.