58 So.2d 210

**WALDO v. MORRISON et al.**

No. 40220.

Feb. 18, 1952.

Edwin E. Waldo, in pro per.

James J. Morrison and Moise S. Steeg, Jr., New Orleans, in pro per., for defendants-appellees.

MOISE, Justice.

This is an action for $10,000.00 damages for an alleged libel published by James J. Morrison and Moise S. Steeg, Jr., attorneys, in a brief filed in certain proceedings.

in the Civil District Court for the Parish of Orleans. From a judgment maintaining defendants' exceptions of no right or cause of action, plaintiff appeals.

The brief was submitted in the course of litigation between plaintiff herein and the Succession of Mrs. Odette Francke, widow of John F. C. Waldo, No. 279,191, Civil District Court, Parish of Orleans, wherein plaintiff, a son and heir of the deceased, opposed the allowance on the Executor's account of sums to Miss Odette Waldo, plaintiff's sister, for nursing care and personal services rendered the decedent, their mother. See Succession of Francke, 219 La. 288, 52 So.2d 855. Plaintiff herein, who had been cast in those proceedings in the district court, filed a motion for a new trial; and defendants herein, who represented Miss Odette Waldo, presented a brief or memorandum in opposition to said motion, in which the following argument was made:

"The alternative argument advanced on this point by Edwin Waldo that Miss Odette should only be recompensed for services from the date of first payment onward— is both untenable, and seeks to make an entire ingrate out of his deceased Mother. *Is this son, who did not even have the common decency to take the time to attend his mother's funeral, and yet has months of time to spend squeezing the last penny out of his mother's estate,* suggesting that his mother suddenly—in the winter of 1943–44—realized her correlative obligations to compensate her daughter for the loving constant care and attention she gave her, but decided to compensate her prospectively only? That realizing suddenly the value of Miss Odette's unpurchaseable devotion and attention, she decided to take 18 years of it free, and compensate her for only the drudgery of her last illness? Neither the facts, reason nor authority support any *such niggardly position."*

Plaintiff contends that the language italicized constitutes an "unwarranted, false, vicious and libelous assault on (his) personal character and reputation."

Defendants filed exceptions of no cause or right of action, the substance whereof is that the communication was a privileged communication, that the petition does not assert that any of the statements alleged to have been made are untrue, and that the statements constitute "fair comment." They have urged in brief that as attorneys they enjoy an *absolute* privilege for words, otherwise defamatory, published in the course of judicial proceedings. In his reasons for judgment in defendants' favour, the district judge stated that he accepted the theory of the case advanced by them.

We have had numerous actions of this type in the history of our jurisprudence. While there was a conflict in the earlier cases, the rule has been settled since, Lescale v. Joseph Schwartz Co., 116 La. 293, 40 So. 708, that the common-law rule of absolute privilege has no place in the law of Louisiana; the privilege is, rather, qualified. and is subject to the rule that the

comment made must be material, with probable cause and without malice. When the Lescale case finally came before this court on the merits, 118 La. 718, 43 So. 385, we found that the allegations had been made in good faith, and on the "most ample probable cause." To the same effect, see: Dunn v. Southern Ins. Co., 116 La. 431, 40 So. 786; Marks v. National Fire Ins. Co., 129 La. 904, 57 So. 168; Glisson v. Biggio, 139 La. 23, 71 So. 204, on exceptions, 141 La. 209, 74 So. 907, on merits.

The standard to be applied in determining materiality is announced in the Lescale case as follows: "In the philosophical sense an untrue allegation cannot be material, but in the legal sense it can; since, for the purposes of the argument, it is assumed to be true, the question is as to whether it would be material if true. * * * The fact is that, in the nature of things, the question of privilege could not arise in connection with a true allegation. It can arise only in connection with one that is false. In the instant case the allegations against plaintiff, if true, would have been material * * *." 116 La. 293, 295, 296, 40 So. 708, 709.

The existence of probable cause is the second requisite for invoking the doctrine of qualified privilege. That it is essential, and a sine qua non for the defense to an action for libel is amply illustrated in the case of Sabine Tram Co. v. Jurgens, 143 La. 1092, 1094, 1095, 79 So. 872, 873,

where we permitted recovery because of a lack of probable cause:

"The charges of fraud were essentially injurious to appellant, and, having been found to be untrue, were libelous. The appellee had employed an expert accountant to audit the books * * * and had his report disclosing the facts pertaining to the transactions on which the charges of fraud were made against appellant. Hence there was not probable cause for appellee to believe to be true the allegations which have been adjudged false.

"The contention of the appellee is that the allegations complained of were protected by an absolute privilege because they were pertinent to an issue presented for decision in a judicial proceeding. The learned counsel for appellee invoked the doctrine prevailing in England and in the jurisdiction of some of the courts of this country that every allegation that is pertinent to an issue presented for decision in a judicial proceeding is protected by an absolute privilege, and that such an allegation cannot be a cause of action for libel or slander even though it was a false and injurious accusation, and even though the party making it knew it was false, or had not just or probable cause to believe it to be true. It is sufficient to say that that doctrine has no place in the system of law prevailing in Louisiana. See Lescale v. [Joseph] Schwartz [Co.], 116 La. 293, 40 So. 708, reviewing and reconciling the jurisprudence on the subject. No one has a right to deem

appropriate or pertinent to an issue presented for decision in a judicial proceeding, a libelous allegation that he knows is false or that he has not just or probable cause to believe is true."

Whether or not a litigant has probable cause for making an allegation subsequently sued upon as libelous depends upon the particular facts of the individual case. In Cotonio v. Guglielmo, 176 La. 421, 425, 146 So. 11, where plaintiffs had charged in certain succession proceedings that a nuncupative will by public act was spurious and fraudulent, and the will was subsequently upheld as valid, the attorney (and notary public) who had received and reduced the same to writing was allowed to recover damages from the opponents of the will. In Gosserand v. Gumbel, 154 La. 537, 97 So. 852, defendant (plaintiff in a suit to annul a tax sale) was absolved from responsibility for averments made in the pleadings prepared therein by his attorney, where it developed that they had been made in good faith:

"Whether or not a litigant has probable cause for the averments of his judicial pleadings does not depend merely upon the actual state of the case, but upon his honest belief in making said averments. He may be mistaken, but if he has reasonable grounds for believing the truth of the allegations, and is not actuated by malice and ill will, no damages are recoverable.

"It is evident that counsel for defendant acted upon an honest and reasonable belief, and not through any wanton and wicked desire to disregard the rights and feelings of plaintiff, or to injure his reputation. In these circumstances, the allegations complained of are not actionable, and no recovery can be had thereon." 154 La. 537, 542, 97 So. 852, 854.

Conceding that the statement that Edwin E. Waldo "did not even have the decency to attend his mother's funeral" was not true (it appearing from his brief and his oral argument that his failure to be present was due to a 24-hour delay in receiving the news of her death and to his great distance from the city of New Orleans at the time) and conceding that the statement that his position was "niggardly" is likewise inaccurate, we hold that both were protected by the qualified privilege granted to attorneys in commenting on facts in evidence. Neither statement is libelous per se, and each was pertinent to the strenuous and bitter litigation between plaintiff and his sister, Odette Waldo, involving their mother's succession. Furthermore, the extrinsic circumstances of plaintiff's actions constituted probable cause for the statements made.

Rejecting, therefore, the theory of absolute privilege advanced by appellees, and analyzing the alleged libelous remarks in the light of our own jurisprudence on the

subject of qualified privilege, we are nevertheless constrained to affirm the judgment appealed from.

For the reasons assigned, the judgment appealed from is affirmed.