SAMUEL, Judge.
This is a suit for damages resulting from an alleged libelous judicial allegation. Plaintiff has appealed from a judgment in favor of defendant, dismissing plaintiff’s suit at her cost.
Defendant had obtained a trial court judgment of separation from bed and board from her husband, Nathan Shapiro. Pending an appeal thereon, the husband filed suit for a final divorce based on two years. separation (see Shapiro v. Shapiro, La.App., 131 So.2d 303 and on rehearings). The allegation complained of, contained in defendant’s answer to that divorce petition, reads as follows:
“Your defendant further avers that the matter of fault is of extreme importance and your defendant denies she was at fault in any respect whatsoever, and that the fault lies solely with plaintiff husband, Nathan Shapiro, who, prior to and since July 27, 1957, was living in notorious concubinage with one Mrs. Alma Sunseri here in the city of New Orleans, and that this unlawful cohabitation is the direct cause of the separation of the parties herein involved, and that the fault lies' entirely with the said husband and plaintiff herein.”
Defendant and Shapiro had been married for twenty-five years. Three children were born of the marriage, one of whom was a minor at the time of the filing of the divorce petition. The record is quite clear to the effect that over a period of several years, both while the defendant and Shapiro were married and living together and also while they were married and living apart, Shapiro and the plaintiff were dating and going out together. Shapiro himself *662 had admitted to his wife that he was going out with the plaintiff and she, the defendant, had heard of their close relationship from other sources, even to the extent, according to her testimony, of Shapiro and the plaintiff living together.
On one occasion while defendant and Shapiro were living together, and acting upon information which she received by telephone from a third party, defendant went to plaintiff’s home between the hours of 11:00 and 12:00 P. M. and found her husband’s car parked in the driveway. She knocked at the door of that home and her knock was answered by her husband clad only in his trousers and undershirt. Plaintiff was also at her home at that time. This incident was not denied by the plaintiff or by Shapiro, who testified for the plaintiff.
Two other matters, the subject of some of the testimony appearing in the record, are pertinent; (1) Defendant attempted to prove by cross examination of plaintiff and Shapiro that the latter had paid Mrs. Sun-seri’s rent. Both denied this. But they did admit that Mrs. Sunseri occupied a residence under a lease and option to purchase which provided that if the option were exercised rents paid for the first year would be applied to the purchase price. This lease and option was taken in Shapiro’s name only. Shapiro and the plaintiff were married after he obtained his divorce and the property was purchased by them after their marriage to each other. (2) Defendant testified that she had seen laundry marks on her husband’s shirts containing the plaintiff’s address and that on frequent occasions she was able to reach her husband by telephone at plaintiff’s residence. This testimony was neither denied nor explained by Shapiro or plaintiff.
However, in considering all of the evidence adduced, the trial court found such evidence to be insufficient to prove by a preponderance thereof that Shapiro and the plaintiff had lived in “notorious concubinage” as set out in the allegation forming the basis of this suit. We agree with this finding.
The common law rule of absolute privilege in judicial pleadings is not the law of Louisiana. Here the privilege is qualified and subject to the rule that the allegation or comment must be material, with probable cause, and without malice. Oakes v. Alexander, La.App., 135 So.2d 513; Waldo v. Morrison, 220 La. 1006, 58 So.2d 210, 32 A.L.R.2d 419; Lescale v. Joseph Schwartz Co., 116 La. 293, 40 So. 708.
It is plaintiff’s contention that the allegation was not material to the pleadings, was without probable cause, and was prompted by malice.
Plaintiff argues that in view of Art. 160 of the LSA-Civil Code, which provides that the wife is entitled to alimony for herself when the husband has obtained a divorce on the ground of living separate and apart for the required length of time and she has not been at fault, there was no requirement or necessity that the defendant prove that the cause of the separation was due to the fault of her husband; all that was required was that she prove that she herself was free from fault in order to successfully claim whatever rights she might have as to alimony. Thus, it is argued, the allegation as to concubinage was purely gratuitous and was not material.
We do not agree. Proof of the negative is always difficult and frequently impossible. Defendant had the right to strengthen her claim to alimony by doing more than simply alleging and attempting to prove she was without fault. To allege and prove positive fault on the part of her husband as the sole cause of the separation would constitute the most convincing proof of the fact that she was without fault. The allegation was material. In addition, and this is of greater importance, the defendant’s answer admits that she and her husband have lived separate and apart continuously for more than two years and seeks alimony for herself *663 and her minor child, together with the custody of that child. Of course, the matter of support or alimony for a child is not related to fault on the part of either parent. But certainly there can be no question at all that an allegation as to fault and living in concubinage on the part of the husband was material to the court’s decision in awarding custody of the child.
The rule as to probable cause, as expressed in Gosserand v. Gumbel, 154 La. 537, 542, 97 So. 852, 854, is as follows:
“Whether or not a litigant has probable cause for the averments of his judicial pleadings does not depend merely upon the actual state of the case, but upon his honest belief in making said averments. He may be mistaken, but if he has reasonable grounds for believing the truth of the allegations, and is not actuated by malice and ill will, no damages are recoverable.”
Conceding that the allegation of “notorious concubinage” was not proved, and even that it was not true, we are of the opinion that defendant had reasonable grounds for believing the truth of the same.
Appellant also contends that defendant was disturbed by the relationship between Shapiro and the plaintiff; that there was a “great deal of animosity” in her feelings towards Mrs. Sunseri; and that, as a result, defendant acted maliciously in making the allegation of concubinage. Conceding the disturbance and animosity, we do not feel that the situation presents anything unusual. We are unable to conceive of any wife and mother feeling otherwise under the same circumstances. If we were to infer malice from such disturbance and animosity alone, malice would necessarily also be present in every other' similar case and the defendant wife, or defendant husband, would be subjected to a successful suit for damages in every instance in which she or he failed to carry the difficult burden of proof by a preponderance of the evidence, e.ven though the allegation was material and made with probable cause. In view of all the evidence, we conclude that the allegation was made without malice.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.