217 So.2d 758 (1969)
Ronald G. STORY
v.
Marty MARTIN, d.b.a. Crescent City Health Club and Rikuo Takizawa.
No. 3262.
Court of Appeal of Louisiana, Fourth Circuit.
January 6, 1969.
*759 Wells, Gould & Breaux, Ernest H. Gould, Jr., New Orleans, for plaintiff-appellee.
Edward F. Wegmann, Fred P. Westenberger, New Orleans, for Marty Martin, d.b.a. Crescent City Health Club, defendant-appellant.
Robert Scott McIntosh, II, New Orleans, for Rikuo Takizawa, defendant-appellant.
Before YARRUT, CHASEZ and REDMANN, JJ.
YARRUT, Judge.
Plaintiff brought suit against Rikuo Takizawa, his karate instructor, for damages for injuries suffered as a result of an alleged battery committed by Mr. Takizawa upon him, and against Mr. Takizawa's alleged employer, Marty Martin, d.b.a. Crescent City Health Club, contending Mr. Takizawa was acting within the course and scope of his employment.
Mr. Takizawa reconvened for $250,000.00, alleging Plaintiff made defamatory statements in his petition.
Mr. Martin reconvened for $1,000.00 damages, alleging Plaintiff had made slanderous statements about his business, and also made a third-party demand against Mr. Takizawa, asking that if any judgment be rendered against Mr. Martin that Mr. Takizawa indemnify him for it.
After these pleadings, Plaintiff filed an amended and supplemental petition praying that Marty Martin be deleted as a co-defendant, and The Martin School of Judo and Jujitsu, Inc., d.b.a. Crescent City Health Club, be substituted as Defendant.
Judgment was rendered in favor of Plaintiff against Marty Martin, d.b.a. Crescent City Health Club, and Rikuo Takizawa, in solido, for $410.00, with legal interest from judicial demand and all costs, and in favor of third-party Plaintiff, Marty Martin, d.b.a. Crescent City Health Club, and against third-party Defendant, Rikuo Takizawa, for any amount the third-party Plaintiff might be compelled to pay Plaintiff in the main demand. Both reconventional demands were dismissed.
Both Defendants appealed and Plaintiff answered the appeal praying for an increase in the quantum to $1,000.00, and for damages for frivolous appeals.
With regard to the liability of Mr. Takizawa, it is undisputed that Plaintiff was a student in a karate class conducted by Mr. Takizawa, and that Mr. Takizawa struck Plaintiff on the right cheek at least once in the locker room after the lesson had been completed.
Frank Perniciaro, a fellow student of Plaintiff, testified Plaintiff was speaking in the locker room to another student when Mr. Takizawa apparently misunderstood what he said and struck him on the cheek. He further testified that Mr. Takizawa appeared angry. In this connection, it is to be noted Mr. Takizawa's English was so poor as to require an interpreter at the trial.
Plaintiff testified substantially to the same effect, and said Mr. Takizawa yelled at him.
Defendants' witnesses all testified that a student of karate must expect rough treatment from his instructor, and that the instructor often physically disciplines the students during class.
*760 Mr. Takizawa testified that he was attempting to discipline Plaintiff when he struck him. He objects to the fact that the Trial Court did not allow sufficient evidence to be introduced to prove that a karate instructor customarily disciplines his students after class as part of the instruction. However, there is no evidence to the effect that the blow struck had any connection with the karate instruction which had terminated, and the evidence preponderates that Mr. Takizawa struck Plaintiff for some personal reason, and was nothing less than an unprovoked assault and battery.
With regard to the liability of Mr. Martin personally, it is to be noted that he was deleted as a Defendant by Plaintiff in his amended and supplemental petition. Therefore, the Trial Court was in error in casting him personally in the judgment.
We cannot hold the substituted Defendant, The Martin School of Judo and Jujitsu, Inc., d.b.a. Crescent City Health Club, because it is not before us on appeal. By failing to include this corporation in his judgment the Trial Judge, in effect, dismissed the complaint against it.
Admittedly, Plaintiff answered the appeal. However, his answer was limited to a demand for an increase in quantum and for damages for a frivolous appeal. An answer to an appeal only operates as an appeal from those aspects of the judgment of which the answer complains. LSA-C.C.P. Art. 2133.
We also find that the Trial Judge was correct in dismissing the Defendants' reconventional demands. With regard to Mr. Takizawa's reconventional demand, Plaintiff's original petition did allege that Marty Martin, d.b.a. Crescent City Health Club, had knowledge of Mr. Takizawa's "abnormally agressive nature." However, in order to sustain a claim in reconvention for damages growing out of the allegations in the petition, Defendant must prove malice and want of probable cause. Brooks v. Bank of Acadia, 138 La. 657, 70 So. 573; Marks v. National Fire Ins. Co., 129 La. 904, 57 So. 168; Dunn v. Southern Ins. Co., 116 La. 431, 40 So. 786; Hawks v. Bright, 51 La.Ann. 79, 24 So. 615.
In the instant case, we conclude Mr. Takizawa struck Plaintiff without provocation. In addition, Mr. Takizawa failed to prove malice on the part of Plaintiff.
With regard to Mr. Martin's reconventional demand, the substance of his testimony was that he received approximately 15 telephone calls regarding the incident, and that the persons calling him merely remarked that Mr. Takizawa had struck one of his students in the locker room. Even if Plaintiff had informed these persons of the incident, because his was evidently a true account, it did not constitute slander.
With regard to quantum, Plaintiff suffered a cut on the inside of his mouth which healed within three weeks, and for which he incurred only a $5.00 medical bill. We find the total award of $410.00 to be adequate and in conformity with awards in assault and battery cases in which the injuries incurred were minimal. Harrigan v. Rosich, La.App., 173 So.2d 880; Carter v. Harris, La.App., 144 So.2d 472; Burton v. Leftwich, 123 So.2d 766, 89 A.L. R.2d 980; Beaucoudray v. Hirsch, La.App., 49 So.2d 770.
We find also that Defendants had substantial defense to preclude any damages for frivolous appeals.
For the above reasons, the judgment in favor of Plaintiff against Marty Martin, d.b.a. Crescent City Health Club, is annulled; and the third-party demand of Marty Martin, d.b.a. Crescent City Health Club, against Mr. Takizawa is dismissed; otherwise, the judgment is affirmed. Defendant, Rikuo Takizawa, to pay all costs in both courts.
Judgment annulled in part; reversed in part; affirmed in part.