LE SUEUR, Judge.
Plaintiff appealed a judgment maintaining defendants’ exception of no cause and no right of action and dismissing plaintiff’s action for libel, with prejudice, at plaintiff’s costs.
Plaintiff’s action for libel arises out of extended litigation (Sciortino v. Sciortino, 209 So.2d 355, La.App.4th Cir. 1968, writ refused 1968), in which plaintiff and defendants were opposing counsel. The matter came before this court three times before finally being determined. While under an order not to dispose of community property, plaintiff, as attorney, advised his client to sell community property at private sale to his client’s brother. This court found in the Sciortino case, at p. 361, that:
“On August 11, 1965, Philip Sciortino filed suit against his estranged wife to have this property partitioned and this court, in an opinion rendered in June 1966, ordered the partition.
“After this court had ordered the partition and remanded the case to permit introduction of evidence on the community property issue, Philip Sciortino on the advice of his attorney sold the property to his brother. The act was passed November 11, 1966 by Joseph Russo, defendant’s attorney in this matter. The recited consideration was $5,000 cash assumption of a mortgage in favor of Thomas Orto-lano for $10,507.04, and for the balance, purchaser executed a Bearer note in the amount of $11,992.96.
“From the testimony of Warren Scior-tino, the purchaser, it is abundantly clear that the sale constituted an attempt to divest Regina Sciortino of her interest in the property. The purchaser stated that he was advised that under an article of the Civil Code, yet untested by litigation, the sale might be valid. Warren was guaranteed that if the sale was declared *738 to be invalid, his $5,000 would be refunded. * * *”
Plaintiff has filed exhibits which show that subsequent to the sale of November 11, 1966, Mrs. Sciortino, through and by her counsel, stated in various pleadings that plaintiff, as an attorney, entered into a conspiracy to defraud her of her rights to the community property of the marriage and culminated the conspiracy by means of the act of sale dated November 11, 1966. Statements concerning conspiracy to commit fraud and the fraud committed upon Mrs. Sciortino were contained in three separate pleadings filed by her.
Defendants filed exceptions of no right or cause of action which were maintained by the trial court. Plaintiff alleges that he has shown a right and cause of action and that, if he has not, he has the right to so amend his petition.
Plaintiff argued that the statements contained in the pleadings concerning his activities are libelous per se because they impute a crime to him and he, therefore, does not have to prove actual malice was intended in the publication of the libelous material. Defendants argued that since these statements were made in a judicial proceeding, a qualified privilege applies and plaintiff must show the following to recover: (1) The comment was not material; (2) that it was made without probable cause; and (3) that it was made with malice. The basis for defendants’ position is Waldo v. Morrison, 220 La. 1006, 58 So.2d 210, 32 A.L.R.2d 419 (1952).
Assuming arguendo, but without so deciding, that the statements made were libelous per se, proof of actual malice is not required, but truth is an absolute defense with the burden of proof on defendants. This was the holding in Parsons v. Gulf & South American Steamship Co., 194 So.2d 456, 460 (La.App.4th Cir. 1967, writ refused 1967):
“We agree with plaintiff’s counsel in her statement of the law applicable to actions for libel. Words which impute crime to another (and taking contraband into a foreign country is a criminal act) are libelous per se, and proof of actual malice is not required. Martin v. Markley, 202 La. 291, 11 So.2d 593 (1942); Edwards v. Derrick, 193 La. 331, 190 So. 571 (1939); Cotonio v. Guglielmo, 176 La. 421, 146 So. 11 (1933); Fitzpatrick v. Daily States Pub. Co., 48 La.App. 1116, 20 So. 173 (1896); Savoie v. Scanlan, 43 La.Ann. 967, 9 So. 916 (1891). Truth is an absolute defense but the burden of proving truth is upon the defendant. LSA-R.S. 13:3602; Deshotel v. Thistlethwaite, 240 La. 12, 121 So.2d 222 (1960); Madison v. Bolton, 234 La. 997, 102 So.2d 433 (1958).”
In the Sciortino case, this court at p. 362, held:
“ * * * in view of the fact that all parties to this sale were aware of a court order to partition the property in question, we are compelled to conclude that all parties to this act were attempting to divest Regina Sciortino of her interest in this property that had been clearly recognized by the court prior to the sale. This conclusion is fortified by the fact that neither Regnia Sciortino nor her attorney were informed of the proposed sale and from the testimony and the act itself, the wife was not tendered any funds for her separate interest in the property. Because a partition recognizing the wife’s interest had previously been ordered and because this court specifically ruled that the partition must await determination of the community property question, we are of the opinion that all participants acted in bad faith.”
Thus the statements made by defendants which plaintiff alleges are defamatory and libelous were found by this court to be true statements of the facts in the case and, in *739 fact, the subject matter of this action was determined in the Sciortino case.
Assuming arguendo, but without so deciding, that these words were not libelous per se, defendants have a qualified privilege for statements made in a judicial proceeding under Waldo v. Morrison, supra. The Waldo case, on the issue of defamatory language in a brief or memorandum filed in a judicial proceeding, 58 So.2d at p., 211, held:
“While there was a conflict in the earlier cases, the rule has been settled since, Lescale v. Joseph Schwartz Co., 116 La. 293, 40 So. 708, that the common-law rule of absolute privilege has no place in the law of Louisiana; the privilege is, rather, qualified, and is subject to the rule that the comment made must be material, with probable cause and without malice. * ‡ * »
Based on our finding and holding in the Sciortino case, we find that the comment made was material, with probable cause, and without malice, although plaintiff in this action has not alleged to the contrary.
Thus, under either of the theories advanced, plaintiff has not proven his case and the judgment of the trial judge is correct in maintaining defendants’ exception.
Plaintiff claims that he should be allowed to amend his petition to state a cause of action under the provisions of LSA-C.C.P. Art. 934. We fail to see what additional evidence plaintiff could introduce that would overcome this court’s decision in the Sciortino case and we, therefore, see no basis for amending his pleadings.
For the foregoing reasons, the judgment of the trial court maintaining defendants’ exceptions of no right or cause of action and dismissing plaintiff’s action, with prejudice, is affirmed; plaintiff to bear the costs of this appeal.
Affirmed.