## CHENEY et al. v. HALEY et al.
### No. 4223.

Court of Appeal of Louisiana. Second Circuit.
May 20, 1932.

For former opinion, see 138 So. 169.

Hudson, Potts, Bernstein & Sholars and M. C. Redmond, all of Monroe, for appellants.

Munholland & Munholland, of Monroe, for appellees.

McGREGOR, J.

The facts of this case are simple and were fully stated in the opinion originally handed down on December 9, 1931. 138 So. 169. When the case was first presented to us, the plaintiff and appellant made no appearance by brief or argument, and her side of the controversy was unrepresented. We held in our original opinion that the relation of landlord and tenant did not exist between the

plaintiff and defendants, and that therefore the right to repossess the property by summary process, as provided in Act No. 55 of 1926, amending and re-enacting section 2155 of the Revised Statutes of 1870, did not exist.

Upon a re-examination of the record we find it conclusively proved that G. B. Haynes, acting as agent of the plaintiff Mrs. Harriet P. Cheney, leased the property in question to A. R. Haley late in 1926, for the sum of $100 per year. Haley remained on the property until some time in the month of April, 1930, the date of his death, and after that his widow and heirs remained in possession of it continuously down to the date of the trial of this suit.

 The defendants admit that they are the surviving spouse and sole heirs of A. R. Haley, and that they are in possession of the property and have been ever since the death of Haley, but deny that they are tenants of the plaintiff. Article 2731 of the Revised Civil Code provides: "A contract for letting out is not dissolved by the death of the lessor, nor by that of the lessee, their respective heirs are bound by the contract."

In April, 1930, before A. R. Haley died, he was a tenant of the plaintiff under the original lease contract which had been renewed from year to year by reconduction. At the time of his death he was in arrears, and on account of this fact the plaintiff at that time had the right to resort to summary process to get possession of the property. This right grows out of the contract of lease as extended by reconduction, and Act No. 55 of 1926. When Haley died and his widow and heirs continued in possession of the property, they were tenants of the plaintiff just as much as A. R. Haley ever was. They had the same rights that he had, and were bound by the same obligations, for the law, Revised Civil Code, art. 2731, expressly provides that "their respective heirs are bound by the contract."

 The question of plaintiff's title cannot be raised or questioned by the defendants. A. R. Haley rented the property as belonging to the plaintiff, and he certainly could not have questioned the title. Since he could not raise this question, his widow and heirs who have succeeded to his rights, as a tenant cannot raise it in defense of an action to collect rent or to repossess the property by eviction. Our former opinion is clearly erroneous, and the decree entered therein is therefore set aside, and it is now ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, reversed, annulled, and set aside, and judgment is granted in favor of the plaintiff Mrs. Harriet P. Cheney, against the defendants Mrs. A. R. Haley, A. Mitchell Haley, Albert J. Haley, and Joe Haley, ordering them to vacate and deliver to the plaintiff the following described premises, situated in the parish of Ouachita, state of Louisiana: "That certain tract of land acquired by vendor from Chas. E. Cheney, as per deed recorded in Conveyance Book 66, page 106 of the records of Ouachita Parish, La., and by the said Chas. E. Cheney from W. A. Smith, as per deed recorded in Notarial Book 55, page 418, said land having been acquired by said Smith from H. La Baum, Sr., and wife, Mrs. Annie La Baum, as per deed recorded in Notarial Book 55, page 156 and being more particularly described, defined and marked in a certain survey of the same made and certified to by Geo. Selman, Dy. Surveyor of Ouachita Parish, Louisiana, on October 10th, 1902, annexed to deed from Charles E. Cheney to Vendor and made a part thereof for certainty. Property herein shown being marked in blank lines."

It is further ordered that the lease contract originally entered into by and between the plaintiff and A. R. Haley be, and the same is hereby, declared to be abrogated for the failure to pay the rent due under it; all the costs of both courts to be paid by the defendants and appellees.