## McCARROLL v. NEWMAN et al.

### No. 1741.

Court of Appeal of Louisiana.
First Circuit.

Oct. 5, 1937.

Ott & Johnson, of Franklinton, for appellants.

O. C. Carter and J. Vol. Brock, both of Franklinton, for appellee.

LE BLANC, Judge.

This is a suit for damages brought by a tenant for an alleged unlawful eviction from the leased premises.

Plaintiff, Samuel A. McCarroll, alleges in his petition that on September 17, 1936, he rented from the defendant Mrs. Frank Newman, who was acting at the time for herself and as the agent of her daughter, Genevieve Newman, the lower floor of a building known as the "Fern Hotel" in the town of Franklinton. He rented the premises for the purpose of conducting a restaurant and alleges that the rent was to be the sum of $25 per month, payable monthly; that the first payment was to become due on October 20, 1936.

He alleges that he established his business which he was conducting successfully, when, on Saturday, October 17, 1936, before his first month's rent was due, Mrs. Frank Newman demanded payment thereof. He

avers that he agreed, although it was not yet due, to pay her that afternoon, but apparently this was not satisfactory to her daughter Genevieve, as she afterwards came into his place of business and created a disturbance which became greatly aggravated that night when both Mrs. Newman and her daughter and also her minor son, George, demanded that the place be locked up and the keys turned over to them. He alleges that their conduct was so bad that it became necessary for him to discontinue serving his customers and he was forced to leave in order to avoid further trouble.

He alleges further that on the following Monday morning, he went with his colored help to open his place of business and resume operations, when at about 10 o'clock, Mrs. Newman and her children, accompanied this time by her nephew, Harline Newman, came in again, and in spite of his offer to settle the demand made of him in a reasonable manner, they started another disturbance, during which Harline Newman threatened him with a gun or pistol and ordered him out. He avers that after his refusal to leave, they went to the sheriff's office and there made a purported charge against him and had him arrested. Whilst he was under arrest, he alleges that they went to his place of business and padlocked it and thereafter refused to let him enter. He avers further that he had property of the value of $212.50 in the building, and in addition thereto there was a Victrola and a marble playing machine belonging to other parties, for all of which the defendants are responsible.

He sets out his damages as being the value of his own property which was locked in the building, that is, the sum of $212.50, and the illegal closing of his business with his property locked therein, loss of trade, the assault made on him with a gun, and the humiliation and worry caused thereby, which he fixes at the sum of $1,000. The prayer of his petition therefore is for judgment against Mrs. Newman, Miss Genevieve Newman, and Harline Newman, jointly, severally, and in solido, in the sum of $1,212.50, with legal interest from date of judicial demand.

The defendants, in their joint answer, admit that there was a contract of rent entered into between plaintiff and Mrs. Newman for the lower floor of the Fern Hotel Building, but that the same became operative September 14, 1936, and that the rent was payable monthly, in advance; that therefore the rent was past due and remained unpaid in spite of frequent demands made therefor. They deny the disturbance which plaintiff alleges took place on October 17, 1936, and that he was forced to leave, but aver, on the contrary, that he left the place and took the keys with him and that in order to protect their property they were obliged to padlock it. They deny that plaintiff was assaulted in the manner he alleges, and admit that they had him arrested for disturbing the peace. They deny the value placed on the property left by plaintiff in the building, and aver that it was worth only $20 or $25 and that plaintiff may obtain the same on paying the amount of rent he owes. Assuming the position of plaintiffs in reconvention, Mrs. Newman and Miss Genevieve Newman pray for judgment against the plaintiff in the sum of $25 for the amount of rent he owes them.

The district judge found that there had been an illegal ejectment of the plaintiff from the leased premises for which he was entitled to recover damages. He accordingly allowed the sum of $50 for the humiliation, worry, and suffering which he had undergone as a result of the unlawful eviction, and $100 for the property which the defendants unlawfully detained in the padlocked building. As he also found that plaintiff owed $25 for rent for the month he had occupied the premises, he made the judgment subject to a credit for that amount. He also found that plaintiff had not been assaulted in the manner he claims to have been by Harline Newman, and he accordingly dismissed that defendant from the suit.

The defendants Mrs. Frank Newman and Miss Genevieve Newman have appealed. Plaintiff apparently is satisfied with the judgment as rendered in the court below, as he has not answered the appeal.

That there was a disturbance in the plaintiff's place of business on Saturday afternoon, October 17th, is fully borne out by the record. If it was not instigated by the defendants, it certainly was aggravated by them when Miss Genevieve Newman came into the restaurant to participate in it. That the disturbance was repeated on the following Monday morning is equally well shown by the testimony, and the defendants admit that when the plaintiff was at the sheriff's office after they had caused his arrest, they padlocked the building. They attempt to defend their action in this respect

by saying that plaintiff had abandoned the place, but in this the testimony does not support them.

Neither does the evidence support their contention that the rent was payable monthly, in advance. In fact, it is a seriously disputed point as to the exact day of the month on which it became due. There is considerable testimony to the effect that plaintiff was conducting his restaurant business some few days prior to September 20, 1936, the day on which he claims the contract went into effect, and it may well be that on October 17, 1936, when the defendants demanded payment of him, plaintiff did owe one month's rent. The defendants contend, however, that the rent had been due since the 14th of that month and, not having been paid, the contract of lease had fully terminated, and plaintiff was not entitled to the notice provided for under article 2686 of the Civil Code. Anticipating the claim that the contract might be presumed to have been continued by reconduction, as provided for under article 2689 of the Civil Code, they say that this would be impossible for the reason that plaintiff was not permitted to remain in possession for a week after the expiration of the lease, as is required to give rise to that presumption. Therefore, even under such a claim, should it be made, they urge that plaintiff was not entitled to any notice.

We might readily take it for granted that the contract had fully ended by the plaintiff's failure to have paid the rent on October 17, 1936, when payment was demanded of him, and yet, under the law, that would in no manner excuse the defendant's conduct and their action in padlocking the leased premises and forcibly detaining their tenant's property. The notice provided for under article 2686 of the Civil Code is one required to legally determine the termination of a contract of lease if the contract itself does not stipulate the time of its duration. That notice has nothing to do with the ejectment of a stubborn tenant who refuses to vacate the premises after termination of the contract or upon breach of its terms. Proceedings incidental to regaining possession of leased premises under such circumstances are fully provided for under our Revised Statutes. See section 6597, Dart's Louisiana General Statutes, vol. 3, p. 2509, as amended by Act No. 200 of 1936, § 1. In Corliss v. Silva, 1 La.App. 283, the court, in considering a case involving this same issue, took occasion to say: "Ever since the case of Thayer v. Littlejohn, 1 Rob. 140, in the year 1842, the jurisprudence has been constant that a landlord has no right to move the property of his tenant and to obtain possession of leased premises by ejecting the tenant without resorting to the means provided by law." Numerous cases are cited.

We are convinced of the correctness of the judgment below on the question of the liability of the defendants, and on the question of the amount we believe that the proper award has been made both on the value of the plaintiff's property of which he was unlawfully deprived and on the other items demanded.

For the reasons stated, the judgment is affirmed, at the costs of the appellants.