GLADNEY, Judge.
This suit was instituted by plaintiff pursuant to Section 4918 through 4925, Title 13, LSA-R.S., to eject the defendant from property allegedly leased under a verbal contract of lease by the month under the terms of which the maximum payment was $22.50 per month. From an adverse judgment of the Eighth Judicial District Court defendant appealed to this court and is met with a motion to dismiss the appeal on the ground this court is without jurisdiction ratione materiae.
The record reveals that the Tremont Lumber Company operates a sawmill at Joyce in Winn Parish, Louisiana, and owns a number of residences located at its mill site, most of which are occupied by its employees. Following the termination of a labor contract between the company and its mill employees on June 8, 1952, a strike was called by the workers when the employer and employees could not agree upon the terms of a new contract. The defendant, Lacas, was an employee of the company when the labor contract terminated, and on July 5, 1952, the company discharged the defendant. Previous to the latter action being taken the defendant had been in possession of a residence owned by the company for which he paid monthly the sum of $22.50, which sum was by agreement deducted from the employee’s pay. Following the discharge of the defendant the company instituted the instant action for possession of the residence occupied by the defendant. No monetary demand was made.
The objections by defendant to a dismissal of his appeal are stated in his answer to the motion:
“The evidence at the trial fails to show any agreement at all between company and individuals that a lease agreement was in effect.
“The Charter of the corporation which is in evidence does not authorize the company to lease or rent housing as a landlord.
“The plaintiff failed to prove that any officer of the corporation was authorized by Charter or otherwise to enter into a lease agreement with company’s employees and in absence of valid lease no landlord-tenant relationship exists and company therefore cannot avail itself of summary process provided by law.”
But briefly, defendant contends plaintiff has failed to prove landlord-tenant relationship and, therefore, is without right to1 avail itself of the summary process provided by LSA-R.S. 13:4918 et seq.
The provisions of the LSA-R.S., referred to originated in the Louisiana Revised Statutes of 1870, sections 2155 et seq., as amended by Acts 96 of 1888, 23 of 1894, 52 of 1900, 313 of 1908, 49 of 1918, 55 of 1926 and 200 of 1936. Under these provisions in order to prevail in the summary ejectment procedure, the plaintiff must prove the existence of a landlord-tenant relationship, the existence of a ground for ejectment, and the giving of notice or waiver of notice to vacate *667 the leased premises. In 1938 by Act 298 legislative sanction was given for ejectment proceedings by a landowner against illegal ■occupants where the occupant sought to be ■ejected is in illegal possession, thus relieving landowners of the burdensome expense ■and delay occasioned by a petitory action. This statute has been incorporated in LSA-R.S., in Title 13, sections 13:4911-13:4917.
By proceeding under LSA-R.S. 13:4918 et seq., plaintiff in order to prevail must establish the existence of a landlord-tenant relationship, the existence of a ground for ejectment and proper notice or waiver thereof.
The evidence leaves no doubt that Lacas occupied the premises of plaintiff as a tenant. He testified he enjoyed possession for which the sum of $22.50 per month 'was deducted from his wages. It was admitted certain payments were delinquent when this action was filed. He asserted, however, there was no agreed period of duration.
Lease is defined as a synallagmatic contract, to which consent alone is sufficient, and by which one party gives to the other the enjoyment of a thing, at a fixed price., LSA-C.C. art. 2669. To the contract of lease the three essential things are: the thing, the price, and the consent. LSA-C. C. art. 2670. In the absence of a definite period of duration, the lease is by operation of law, considered to have been made by the month. LSA-C.C. art. 2685. It is of no moment that the parties litigant did not specifically agree upon the period of duration of lease, and manifestly all the essentials to a valid contract of lease were present in the instant understanding.
The contention plaintiff was without authority in its charter to lease or rent is untenable. Found as evidence in the record, properly authenticated, is a copy of an amendment to plaintiff’s charter wherein it is provided: The wording is plain, compelling the finding there was a valid contract of lease. This is the easier resolution, although we also entertain doubt that defendant has the right to inquire into the title of plaintiff under the facts presented. See Campbell v. Hart, 1907, 118 La. 871, 43 So. 533; State ex rel. Jackson v. Mills, 1925, 2 La.App. 425; Cheney v. Haley, La.App., 1932, 142 So. 312; Federal Land Bank of New Orleans v. Spencer, La.App., 1935, 160 So. 175; Magnolia Petroleum Company v. Carter, La.App., 1941, 2 So.2d 680.
“ * * * and to that end it shall have the power to hold, receive, lease, purchase, alienate and convey, as well as mortgage, hypothecate and pledge property, real, personal, mixed, movable and immovable * *
Finally, it is argued plaintiff failed to prove that any officer of th’e corporation was authorized to enter into a lease agreement with company employees. The contention is unsound. Defendant admitted that he had possession of the premises over a period of months and permitted deductions from his pay. This fact alone suffices as ratification, if any be required, of the action of the company’s superintendent who placed defendant in possession of the premises.
The foregoing discussion of the points raised by defendant warrants the conclusion defendant, at the time this action was brought, was a tenant by the month, occupying plaintiff’s premises at a rental of $22.-50 per month.
The .jurisdiction of this court is established on Section 29 of Article VII of the Constitution of Louisiana:
“The Courts of Appeal, except as' otherwise provided in this Constitution, shall have appellate jurisdiction only, which jurisdiction shall extend to all cases, civil and probate, of which the Civil District Court ¡for the Parish of Orleans, or the District Courts throughout the State, have exclusive original jurisdiction, regardless of the amount involved, or concurrent jurisdiction exceeding one hundred dollars, exclusive of interest, and of which the Supreme Court is not given jurisdiction, except as otherwise provided in this Constitution, and all appeals shall be both upon the law and the facts.”
In like manner jurisdiction of the District Courts and Justices of the Peace is respectively provided for in Section 35 of Article *668 VII, and Section 48 of Article VII of the Constitution as follows:
Section 35 of Article VII:
“The District Courts, except in the parish of Orleans, shall have original jurisdiction in all civil matters regardless of the amount in dispute, or the fund to be distributed, concurrently, however, with justices of the peace in matters where the amount in dispute, or fund to be distributed, is less than one hundred dollars, exclusive of interest; and i,n all cases where the title to real estate, or the right to office, or other public position, or civil or political rights are involved, and in all cases where no specific amount is in contest, except as may be otherwise provided in this Constitution. District Courts shall be courts of record, except in cases where they have concurrent jurisdiction with justices of the peace.’1’
Section 48 of Article VII:
“Justices of the peace shall have concurrent jurisdiction with the District Courts in all civil matters when the amount in dispute shall not exceed, one hundred dollars, exclusive of interest, including suits for the possession or ownership of movable property not exceeding said amount in value, and in suits of landlords for the possession of leased premises, where the monthly or yearly rent, or the rent for the unexpired term of the lease, does not exceed said amount. * * * ”
 From the foregoing constitutional provisions manifestly this court is without jurisdiction of an appeal from a District Court on any matter over which that court has concurrent jurisdiction with a Justice of the Peace Court. The amount in dispute in the instant case is the sum of $22.50, a sum which does not exceed $100, and the case could have been originally brought before the Justice of the Peace Court having jurisdiction over Ward 2, Winn Parish, Louisiana, the ward in which said leased house is located.
The motion to dismiss is sustained and the appeal is hereby dismissed. Appeal dismissed. Appellant is cast for all costs.