GLADNEY, Judge.
This suit was instituted by several property owners to cancel a surface lease and to be restored to possession of ten acres of land situated in Natchitoches Parish. The written lease was executed “- day of September, 1940” by Mrs Mattie W. Booth, as lessor, and R. H. Brigman, lessee. It recites a cash consideration of Five Dollars per annum and declares that upon failure to pay the rental the lease shall automatically terminate. A claim for $600 for damages to improvements on the premises that accompanied plaintiffs’ demand for cancellation and possession was *566 formally abandoned prior to trial and is no longer an issue in the case. The appellant acquired his alleged ownership of the lease through assignment.
After trial in the court below, a judgment was rendered in favor of plaintiffs, ordering the cancellation of the lease for non-payment of rental during the years 1943, 1944 and 1945, and further ordering that possession be restored to plaintiffs. From the decree, the defendant has appealed.
Our examination of the record reveals this court is without jurisdiction ratione materiae, and, therefore, the appeal must be dismissed.
The appellate jurisdiction of the courts of appeal of this state is determined by Section 29 of Article VII of the Louisiana Constitution, LSA, which provides, inter alia, that such courts shall have appellate jurisdiction only of “all cases, civil and probate, of which * * * the District Courts throughout the State, have exclusive original jurisdiction, regardless of the amount involved, or concurrent jurisdiction exceeding one hundred dollars, exclusive of interest.” Section 48 of Article VII provides:
“Justices of the peace shall have concurrent jurisdiction with the District Courts in all civil matters when the amount in dispute shall not exceed one hundred dollars, exclusive of interest, including suits for the possession or ownership of movable property not exceeding said amount in value, and in suits of landlords for the possession of leased premises, where the monthly or yearly rent, or the rent for the unexpired term of the lease, does not exceed said amount.”
The record clearly shows the rental involved in the subject lease does not exceed one hundred dollars, and accordingly, the District Court had concurrent jurisdiction with Justices of the peace in such a case and this court is without jurisdiction. Tre-mont Lumber Company v. Lacas, La.App. 1953, 62 So.2d 665; Smith v. Cooper, La. App.1956, 87 So.2d 242.
Although no pleading has been filed herein inviting our attention to the absence of jurisdiction in this court, this is unnecessary for the court is bound sua sponte to recognize that fact and act upon it. Article 606 of the Code of Practice; Walker v. Fitzgerald, La.App.1946, 24 So.2d 263; Accardo v. Dimiceli, La.App. 1953, 66 So.2d 348; Haney v. Dunn, La.App.1954, 71 So.2d 363.
We are, therefore, of the opinion that this court is without jurisdiction of this case and the appeal must be and is hereby dismissed at appellant’s cost.